Lin v. Lynch

BIA
Poczter, IJ
A200 939 957

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of June, two thousand sixteen.

PRESENT:
> JON O. NEWMAN,
> RICHARD C. WESLEY,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

XIAN REN LIN,
> *Petitioner,*

v.

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

15-750
NAC

_____

FOR PETITIONER:     Stuart Altman, New York, N.Y.

FOR RESPONDENT:     Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Terri J. Scadron, Assistant Director; Wendy Benner-León, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xian Ren Lin, a native and citizen of the People's Republic of China, seeks review of a February 10, 2015, decision of the BIA, affirming an April 30, 2013, decision of an Immigration Judge ("IJ") denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xian Ren Lin,* No. A200 939 957 (B.I.A. Feb. 10, 2015), *aff'g* No. A200 939 957 (Immig. Ct. N.Y. City Apr. 30, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

The petitioner testified that his girlfriend had two forced abortions. Wholly apart from whether his testimony was

credible, his family planning claim cannot succeed because "an individual does not automatically qualify for 'refugee' status on account of a coercive procedure performed on someone else." *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309 (2d Cir. 2007). Only persecution because of opposition to the family planning policy suffices. *See id.* at 308. The Petitioner testified that when his girlfriend was taken away for the first abortion, he intervened and grabbed hold of her. He makes no claim that he suffered any persecution because of this action. His claim that he was threatened with detention is insufficient. *See Huo Qiang Chen v. Holder,* 773 F.3d 396, 406 (2d Cir. 2014); *Gui Ci Pan v. U.S. Att'y Gen.*, 449 F.3d 408, 412 (2d Cir. 2006).

I.   Religious Mailings Claim

For applications like Lin's, governed by the REAL ID Act, "[t]he testimony of the applicant *may* be sufficient to sustain the applicant's burden without corroboration, *but only if* the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee."   8 U.S.C. § 1158(b)(1)(B)(ii) (emphasis added); *Yan Juan Chen v. Holder*, 658 F.3d 246, 251-52 (2d Cir. 2011).

"Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii); *Yan Juan Chen*, 658 F.3d at 252.

Concerning Lin's corroboration, the agency reasonably observed that Lin had not submitted any evidence to corroborate that he mailed flyers to his family in China despite his testimony that he had copies of the flyers at home, as well as receipts from the mail service used to send the package to China. On appeal, Lin contends that this evidence was unavailable, but that statement is contradicted by his record testimony. The agency reasonably rejected Lin's explanations that he lost the receipts and that he thought the flyers were "useless." *See* 8 U.S.C. § 1252(b)(4) ("No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . [unless] a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable."). Significantly, Lin does not contend that his religious mailing testimony was sufficient to sustain his

4

burden in the absence of corroboration and he has therefore waived review of that determination in this Court.

The denial of Lin's family planning claim and the corroboration-based denial of his religious mailings claim are dispositive of asylum, withholding of removal, and CAT relief because they arose from the same factual predicate. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 185 (2d Cir. 2004).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5